UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEHOADDAN WILSON,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

No. 2:26-cv-03820-DAD-AC (PS)

ORDER DENYING *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND DIRECTING PLAINTIFF TO FILE A STATUS REPORT

(Doc. No. 2)

This matter is before the court on plaintiff Jehoaddan Wilson's *ex parte* motion for a temporary restraining order. (Doc. No. 2.) For the reasons explained below, plaintiff's motion will be denied.

**BACKGROUND**

On November 13, 2026, plaintiff filed a complaint initiating this civil rights action against defendants United States of America[1], U.S. Bank Trust National Association, SN Servicing Corporation, Wilmington Trust National Association, FirstService Residential, Allied Trustee Services ("Allied"), and Blue Knight Security Parol ("Blue Knight"). (Doc. No. 1.) In the complaint, plaintiff alleges as follows.

[1] It would not appear that the United States is a proper defendant in this action.

This action concerns the real property located at 4047 McKay Place, El Dorado Hills, California 95762 ("the property"), where plaintiff has resided with her minor child. (Doc. No. 1 at 1–2, 5.) On or about April 27, 2022, plaintiff obtained a grant deed for the property. (Doc. No. 1-3 at 1.) At some time thereafter, plaintiff's income decreased and she requested additional time to pay her mortgage, HOA assessments, fines, and related charges.[2] (Doc. No. 1 at 3.) Plaintiff's request was denied and foreclosure actions proceeded. (*Id.*)

On or about April 10, 2025, defendant Allied conducted a nonjudicial sale to enforce a Homeowner's Association ("HOA") assessment liens.[3] (*Id.* at 5.) On or about July 30, 2025, a trustee's deed upon sale was recorded, naming the HOA as the grantee. (*Id.*) On November 11, 2026, the HOA issued a "72-hour removal notice" addressed to plaintiff and the property, stating that defendants Blue Knight and FirstService Residential would enter the property and change the locks at 9:00 a.m. on November 13, 2026.[4]

Based on these and other allegations, plaintiff asserts the following claims: (1) declaratory judgment for a threatened self-help eviction; (2) quiet title and cancellation of instrument; (3) wrongful foreclosure; and (4) violation of 28 U.S.C. §§ 3604, 3613, the Fair Housing Act. (*Id.* at 6–9.)

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the

---

[2] It is unclear from plaintiff's allegations to whom this proposal was presented by plaintiff or under what terms she proposed her repayment plan. Plaintiff also alleges that her income decreased because of her disability, but provides no further details in this regard.

[3] The court presumes that the HOA involved in this dispute is Serrano El Dorado Owners' Association based upon the allegations appearing in plaintiff's complaint. (*See* Doc. No. 1 at 2) ("Defendant Serrano El Dorado Owners' Association is the homeowners' association identified in the foreclosure records and the November 11, 2026 removal notice.").

[4] The court did not receive notice that plaintiff's motion for temporary restraining order was filed until approximately 11:00 a.m. on November 13, 2026.

merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that she is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

## DISCUSSION

"[B]efore reaching the merits of Plaintiff's [] TRO, the Court must scrutinize the basis for its own jurisdiction." *Benoit v. PNC Bank*, No. 2:19-cv-01063-MCE-DB, 2019 WL 2567140, at *2 (E.D. Cal. June 21, 2019). "Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)), *aff'd*, 997 F.3d 848 (9th Cir. 2021). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). Subject matter jurisdiction is required; it cannot be forfeited or waived. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987); *see also Benoit*, 2019 WL

2567140, at *1–2 (applying this principle in resolving a motion for temporary restraining order). Here, plaintiff asserts that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over her FHA claim and supplemental jurisdiction over her remaining state law claims. (Doc. No. 1 at 3.) While not entirely clear from the face of her complaint, plaintiff's FHA claim appears to be premised upon an alleged failure to provide her with a reasonable accommodation in violation of 28 U.S.C. § 3604(f)(3)(B). (*Id.* at 8.)

The elements of a § 3604(f)(3)(B) claim are:

> (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation [in rules, policies, practices, or services] of the handicap may be necessary to afford the handicapped person an equal opportunity [i.e., equal to a non-handicapped person] to use and enjoy the dwelling; (4) that the accommodation [in rules, policies, practices, or services] is reasonable; and (5) that defendant refused to make the requested accommodation.

*Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189–90 (9th Cir. 2021) (citation omitted). As to the first element, plaintiff merely alleges in conclusory fashion that she "suffers from a mental health disability that substantially limits one or more major life activities" and "otherwise qualifies" under 42 U.S.C. § 3602(h). (Doc. No. 1 at 2, 8.) Under the FHA, the term "handicap" means: (1) "a physical or mental impairment which substantially limits one or more of such person's major life activities," (2) "a record of having such an impairment, or" (3) "being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance." 42 U.S.C. § 3602(h). "A physical or mental impairment is any mental or psychological disorder, including emotional illness. Major life activities means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Golden Gate Transactional Indep. Serv., Inc. v. California*, No. 18-cv-08093-SJO-AGR, 2019 WL 4222452, at *11 (C.D. Cal. May 1, 2019) (internal citations omitted).

Plaintiff does not identify in her complaint any specific mental impairments from which she suffers nor does she identify any "major life activities" impacted by her disability. In short, plaintiff's allegations are simply insufficient to adequately plead that she has a qualifying

disability within the meaning of § 3602(h). *Pardo-Pena v. Kaas Props. LLC*, No. 2:23-cv-06197-SPG-MRW, 2024 WL 3298284, at *5 (C.D. Cal. Feb. 9, 2024) (finding similar allegations insufficient to plausibly allege "handicap" within the meaning of § 3602(h)). As to such a claim, plaintiff is required to plead her disability "with some factual specificity." *Golden Gate*, 2019 WL 4222452, at *11 (citation omitted).[5] Accordingly, the court concludes that plaintiff has failed to satisfy the first element of her FHA claim.

All that remains from plaintiff's complaint are the state law claims over which she contends this court has supplemental jurisdiction. Because plaintiff has failed to establish a viable claim over which the court has original jurisdiction, it appears that the court lacks subject matter jurisdiction over the action and the remaining state law claims need not be addressed for purposes of resolving the pending motion for a temporary restraining order. *Carnero v. Elk Grove Fin., LLC*, No. 16-cv-03606-BLF, 2016 WL 6873544, at *3 (N.D. Cal. Nov. 22, 2016) (declining to reach state law claims where plaintiff failed to establish that they had a viable federal law claim on a motion for temporary restraining order); *see also Eftekari v. Select Portfolio Servicing, Inc.*, No. 24-cv-02274-JLS-KSC, 2025 WL 97609, at *3 (S.D. Cal. Jan. 13, 2025) ("Where a court lacks subject matter jurisdiction over an action, it necessarily is powerless to grant a TRO.").

The court also notes that plaintiff's motion for a temporary restraining order, and potentially this action in its entirety, may have been rendered moot because the lockout was purportedly scheduled to occur even before her complaint was filed. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568

/////

---

[5] Plaintiff has submitted a letter dated August 24, 2026, from a medical professional confirming that she is being treated for an undisclosed mental health condition, without providing any further information. (Doc. No. 1-7 at 1.) However, it is entirely unclear how or even if this letter is related to her FHA claim because plaintiff does not state when she requested accommodations. Nor does the letter reveal any information that would aid the court in determining whether petitioner's condition satisfies the requirements of § 3602(h).

U.S. 85 89–90)). Accordingly, the court will direct plaintiff to file a status report notifying the court whether the lockout that was scheduled for 9:00 a.m. on November 13, 2026, took place.

For the reasons discussed above:

1. Plaintiff's *ex parte* motion for temporary restraining order (Doc. No. 2) is DENIED; and
2. Plaintiff is directed to file a status report addressing the current status of her occupancy of the property in question no later than fourteen (14) days from the date of issuance of this order.

IT IS SO ORDERED.

Dated: **November 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE